Charles R. Rubin, J.
One of the defendants in this action has moved for an order disqualifying Brooklyn Legal Services Corporation B as counsel for plaintiff.
Brooklyh Legal Services Corporation B (“ the corporation ”) is permitted to practice in the courts of this State pursuant to subdivision 5 of section 495 of the Judiciary Law. That section provides an exception to the general proscription against corporations practicing law for “ organizations organized * * • for the purpose of assisting persons without means in the pursuit of any civil remedy, whose existanee [sic], organization or incorporation may be approved by the appellate division of the supreme court of the department in which the principal office of such corporation * • * * may be located.” Corporations such as the one herein involved are permitted to practice in the courts of New York only under the supervision of and subject to restrictions set forth by the courts (Matter of Community Action For Legal Servs., 26 A D 2d 354).
Although it is the various Appellate Divisions which have . responsibility for approving the incorporation of such legal service corporations and setting forth restrictions on their practice, all courts may restrict such a corporation from exceeding these bounds (Matter of Pinkard, 28 A D 2d 34).
The court has examined the order of the Appellate Division, Second Department, dated October 10,1967 which approved the incorporation of “the corporation” and subsequent orders which continued its authorization to practice in our courts.
It is clear from these orders that “ the corporation ” is permitted to represent only those “ who are without financial means to obtain counsel.”
These orders further restrict the corporation by providing that it “ shall not accept contingency fee cases unless it is established after a reasonable effort of referral that a private attorney would not be willing to accept the case ”, and that it shall not “ receive or retain any remuneration, lawyers’ fees or contingent fees for services.”
An examination of the complaint in the within action reveals that it contains six separately stated causes of action against four defendants seeking damages amounting to a total of over $120,000 plus reasonable attorney’s fees and costs on two of the causes as provided for in the statutes pursuant to which these causes were instituted.
Among the allegations in the complaint is a claim by the plaintiff of the loss of approximately $16,0.00 in personal property due to the acts of the. defendants.
*1057 Response to the claim by the moving defendant that ‘1 the corporation ’ ’ shall not represent plaintiff since any one who owns $16,000 in property is not entitled to free legal services; “ the corporation ” has not offered any statement or proof of plaintiff’s indigency. Indeed, the only statements made by “ the corporation ’ ’ in response to this motion have been addressed to the authority of the court to supervise legal services corporations rather than the merits of this motion. In the absence of any statement as to the indigency of the plaintiff, the court must conclude from reading the complaint that he does not qualify for the services of *1 the corporation ’ ’.
Furthermore, in seeking counsel fees in the prayer for relief, ‘ ‘ the corporation ’ ’ has violated the restriction as to contingent fee cases set forth by the Appellate Division. Again, ‘ ‘ the corporation ” has not responded by stating that a private attorney would not be willing to accept the case. Indeed, if this case has the merit ascribed to it by the well drawn complaint herein, it is this court’s opinion that many private attorneys would be quite willing to be retained on a contingent fee basis.
Accordingly, ^he motion to disqualify Brooklyn Legal Services Corporation B as counsel for plaintiff is granted. All further proceedings herein are stayed for a period of 60 days in order that plaintiff may obtain other counsel.